**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JUL 27 2009 ★

**BROOKLYN OFFICE**

**RECEIVED**
In Chambers of:
U.S. District Judge
SANDRA L. TOWNES

JUL 0 6 2009

KAN:TYH
2008R01013/OCDETF # NY-NYE-578

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - AGAINST -

DAVID JOHNSON,

        Defendant.

- - - - - - - - - - - - - - - X

**TO BE**
**FILED UNDER SEAL**

PRELIMINARY
ORDER OF FORFEITURE

Criminal No.
Cr. 08-0916 (S-3) (SLT)

      WHEREAS, on or about June 17, 2009, the defendant, DAVID
JOHNSON (the "Defendant") entered a plea of guilty to Counts Two
and Three of the Third Superseding Indictment, charging violations
of 21 U.S.C. §§ 846 and 963, to wit, marijuana importation
conspiracy; and

      WHEREAS, the Defendant has consented and agreed to the
entry of a forfeiture money judgment, and to forfeit all of his
right, title and interest, in the amount of $150,000.00 in United
States currency (the "Forfeiture Money Judgment"), as property
constituting or derived from any proceeds the Defendant obtained,
directly or indirectly as a result of the Defendant's violations
of 21 U.S.C. §§ 846 and 963, and/or as property used or intended
to be used, in any manner or part, to commit or to facilitate the
commission of the Defendant's violations of 21 U.S.C. §§ 846 and
963, and/or as a substitute asset as defined in 21 U.S.C.
§ 853(p).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND
DECREED as follows:

1.    The Defendant shall forfeit the full amount of the
Forfeiture Money Judgment to the United States, pursuant to 21
U.S.C. § 853.

2.    The Defendant shall pay in full the Forfeiture
Money Judgment no later than six months after the date of
Defendant's plea (the "Due Date"), on or before December 17, 2009.
In the event the Forfeiture Money Judgment is not paid in full on
or before the Due ate, interest shall accrue on any unpaid portion
after the Due Date at the rate of interest set forth in 18 U.S.C.
§ 3612(f)(2).  Further, if the Forfeiture Money Judgment is not
paid in full on or before the Due Date, the Defendant shall
forfeit any other property of his up to the amount of the balance
owed on the Forfeiture Money Judgment, pursuant to 21 U.S.C. §
853(p), the Federal Debt Collection Procedure Act, or any other
applicable law.

3.    All payments made to satisfy the Forfeiture Money
Judgment shall be made by certified or bank check, payable to the
"United States Marshals Service," with the criminal docket number
noted on the face of each check.  Said check(s) shall be sent by
overnight air express delivery to Assistant United States Attorney
Tanya Y. Hill, United States Attorney's Office, Eastern District
of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York
11201.

4.   The Defendant shall fully assist the Government and take whatever steps are necessary to ensure that the Forfeiture Money Judgment is satisfied on or before the Due Date.  The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to any of the monies and/or properties forfeited hereunder, or to any property against which the United States seeks to satisfy the Forfeiture Money Judgment, in any administrative or judicial proceeding.  Further, if any third party files a claim to any of the monies and/or properties forfeited hereunder, or to any property against which the United States seeks to satisfy the Forfeiture Money Judgment, the Defendant shall assist the government in defending such claim.

5.   The Defendant has represented that he has disclosed all of his assets to the United States on a Financial Statement, dated May 27, 2009 and entitled "DAVID JOHNSON - United States Department of Justice Financial Statement" (the "Financial Statement").  If the Defendant has failed to disclose to the government assets in which he has any interest (the "undisclosed assets"), the United States shall forfeit all such undisclosed assets, in addition to the Forfeiture Money Judgment, as property constituting or derived from any proceeds the Defendant obtained, directly or indirectly as a result of the Defendant's violations of 21 U.S.C. §§ 846 and 963, and/or as property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the Defendant's violations of 21 U.S.C. §§ 846 and

963, and/or as a substitute asset as defined in 21 U.S.C. § 853(p). If forfeiture is not received as provided above, the Defendant shall forfeit any other property of his, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act, or any other applicable law.

6.    Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. This Preliminary Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7.    Upon the entry of this Preliminary Order, the United States Attorney General, or his designee, is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c).

8.    This Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them.

9.    The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the assets and monies forfeited hereunder, including notice set forth in an indictment or information. The Defendant further knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the assets and monies forfeited hereunder, and waives any and all defenses to the forfeiture described in this

Preliminary Order, including, but not limited to, defenses based on double jeopardy, ex post facto application of any applicable statute, any applicable statute of limitations, or the Excessive Fines Clause of the Eighth Amendment. The Defendant agrees that the forfeiture of the monies and/or properties forfeited hereunder is not to be considered a payment of a fine or restitution or a payment on any income taxes that may be due. The Defendant waives any right to a discharge of the Forfeiture Money Judgment in a bankruptcy proceeding. The forfeiture of the monies and/or properties forfeited hereunder is not an admission of the amount of loss for purposes of the calculation of the Sentencing Guidelines or for purposes of the calculation of the amount of restitution.

10. The Court shall retain jurisdiction to enforce this Preliminary Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court shall forward four (4) certified copies of this Preliminary Order to FSA Senior Law Clerk William K. Helwagen, U.S. Attorney's Office, Eastern District of New York, 271 Cadman plaza East, 7th Floor, Brooklyn, New York 11201.

12. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Preliminary Order.

13.   This Preliminary Order shall be filed under seal until such time as the criminal matter is unsealed.

Dated: Brooklyn, New York
~~June~~ July 17 2009

SLT

s/Sandra L. Townes
HONORABLE SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE



**U.S. Department of Justice**

*United States Attorney's Office*
*Eastern District of New York*

KAN:TYH
2006R01692
forfeiture letter (Johnson and Square)062409.wpd

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

RECEIVED
In Chambers of:
June 26, 2009 U.S. District Judge
SANDRA L. TOWNES

JUL 0 6 2009

The Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: U.S. v. David Johnson and Randolph Square
Docket No. 08-CR-916 (S-3) and (S-4) (SLT)

Dear Judge Townes:

The above defendants pled guilty on June 17, 2009
before Your Honor. In their plea agreements, the defendants
consented to forfeiture money judgments. Enclosed with this
letter are Proposed Preliminary Orders of Forfeiture, ordering,
as to David Johnson, a forfeiture money judgment in the amount
of $150,000, and as to Randolph Square, a forfeiture money
judgment in the amount of $1,300,000. We respectfully request
that the Court sign this order. As per each paragraph 5, the
orders "shall become final as to the defendant at the time of
sentencing and shall be made part of the sentence and included
in the judgment."

In addition, we understand that both sets of plea
minutes were placed under seal, and David Johnson's charging
instrument remains under seal. For those reasons, we
respectfully request permission to have this letter and the

Preliminary Orders of Forfeiture also filed under seal.  Please call me at (718) 254-6144 if the Court has questions about this matter.

Respectfully submitted,

BENTON J. CAMPBELL
UNITED STATES ATTORNEY

BY:

Tanya Y. Hill
Assistant U.S. Attorney

cc:  Steve Tiscione, AUSA

Seth Ginsberg, Esq.
225 Broadway, Rm 715
New York, NY 10007-3795

Joseph DiBenedetto, Esq.
233 Broadway, Suite 2707
New York, NY  10279